PAPPADIMITRIU et al., Appellants, v. GLANDER, Appellee.

Board of Tax Appeals.

No. 9716.   Decided January 28, 1947.

**ENTRY**

This cause came on for hearing upon an appeal from a sales tax assessment made against the appellants by the tax commissioner in the sum of $3860.60, including penalty, for the period from January 1, 1937, to January 31, 1944. This cause was submitted upon the transcript of the proceedings before the tax commissioner and the evidence on behalf of the appellants, there being no evidence introduced on behalf of the appellee.

Appellants operated a store on Watt Street in Youngstown, Ohio, during the audit period until August, 1943, and another store on Federal Street in said city from July 1, 1940.   There being no complete records kept the audit was made on the basis of purchases plus certain mark ups to determine the amount of sales.   Complaint is made that sufficient credit was not given for the sales of food for consumption off the premises and for sales under 9c, and that the mark up on liquor was too high.

At the hearing appellants made a motion that the entire assessment be set aside on the ground that it was not based on proof of any specific taxable sales, but was based entirely upon mathematical probabilities.   The decision thereon was reserved for determination by the Board, which finds the motion not well taken, and, therefore, overrules the same.

Witnesses who were familiar with the operation of appellant's business gave their best estimates with reference to the

sales of food. According to their testimony about 40% of the sales of food at the Watt Street store was sold for consumption off the premises and 30% of the sales of food at the Federal Street store was sold for such purpose, and that 10% of food sold for consumption on the premises consisted of sales of less than 9c each at the Watt Street store, and that the percentage thereof at the other store was 20%.

With reference to the sales of liquor, the evidence shows that appellants sold 1¼ oz. drinks for 10c and 2 oz. drinks for 15c until October 1, 1941, when the size of the drinks was reduced to 1 oz. for single drinks and 1½ oz. for so-called doubles. During that part of the period prior to December 31, 1941, the prices which were used in the audit as a basis for determining sales range for singles from 10c to 25c and for doubles from 15c to 45c. There is no dispute as to the audit for the period from January 1, 1942, to January 31, 1944.

After a consideration of the evidence and the record, the Board finds that 30% of the food sales were sold for consumption off the premises in both stores, making total taxable food sales of $107,568.04. The Board further finds from the evidence and the record that 10% of the food sold for consumption on said premises consists of those sales less than 9c each. As to such sales the court said in the case of **Obert v Evatt, 144 Oh St 492, 59 N. E. (2), 931, 30 OO 133:**

"As the application of such bracket taxes to the sales of the great majority of vendors results in the collection by such vendors of a tax of more than 3 per cent on their taxable sales, the General Assembly, as a means of bringing into the state treasury such excess over 3 per cent, did not except sales under 9 cents where the vendor's liability was to be computed under §5546-12a, GC."

Since this assessment was made under the provisions of §5546-12a GC, and since no records were kept as to the amount of each sale under 9c, the Board holds that such sales cannot be excepted from taxation under that statute which exempts from its operation only the exemptions specified in §5546-2 GC. This is in line with the practice adopted by the tax commissioner that sales under 9c can be deducted from total sales only if the records of the vendor show the amount of each and every separate sale.

The Board further finds that based on the prices which the undisputed evidence shows were charged for liquor, total liquor sales amount to $38,465.02. To this amount should be added the above amount of $107, 568.04 and $5879.41 for mis-

cellaneous taxable sales, making total taxable sales of $151,-912.47, and tax thereon of $4557.37. Deducting therefrom the sum of $2767.65 for prepaid tax receipts canceled and deficiency sales, leaves a tax due of $1789.72 plus penalty of $268.-46, making a total sales tax assessment of $2058.18.

It is, therefore, considered and adjudged by the Board of Tax Appeals that the assessment complained of herein be, and the same hereby is, modified in the above respects and as so modified is hereby affirmed; and that there is due from the appellants a sales tax assessment of $2058.18.